UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LESSER PRAIRIE-CHICKEN
ENDANGERED SPECIES ACT LITIGATION                    MDL No. 2629


ORDER DENYING TRANSFER


**Before the Panel:**[*] The federal government defendants[1] (the Government) in the three actions listed on the attached Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in either the Northern District of Oklahoma or the District of District of Columbia. Two of the three actions, *Oklahoma Independent Petroleum Association* (*OIPA*) and *Defenders of Wildlife* (*Defenders*), are pending in the Northern District of Oklahoma, and the third action, *Permian Basin Petroleum Association* (*PBPA*), is pending in the Western District of Texas.

Plaintiffs in *Defenders* support centralization in the District of District of Columbia.[2] The *OIPA* and *PBPA* plaintiffs oppose centralization, as do intervenor defendants in *Defenders*.[3] If the Panel orders centralization over their objections, then the *OIPA* plaintiffs and intervenor defendants in *Defenders* argue for selection of the Northern District of Oklahoma as transferee district.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Federal government defendants are U.S. Department of the Interior; U.S. Fish and Wildlife Service (FWS); S.M.R. Jewell, in her official capacity as Secretary of the Interior; Daniel M. Ashe, in his official capacity as director of FWS; Gary Frazier, in his official capacity as FWS's assistant director for ecological services; and Jonna Polk, in her official capacity as field supervisor of FWS's Oklahoma ecological services field office.

[2] The *Defenders* plaintiffs are Defenders of Wildlife, the Center for Biological Diversity, and WildEarth Guardians.

[3] The *OIPA* plaintiffs, which are also among the intervenor defendants in *Defenders*, are Oklahoma Independent Petroleum Association, Oklahoma Oil and Gas Association, International Association of Geophysical Contractors, Independent Petroleum Association of America, American Petroleum Institute, and Western Energy Alliance. The other intervenor defendants in *Defenders* are National Rural Electric Cooperative Association, Western Association of Fish and Wildlife Agencies, Colorado Farm Bureau, Kansas Farm Bureau, New Mexico Farm & Livestock Bureau, Texas Farm Bureau, and American Farm Bureau Federation. The *PBPA* plaintiffs are Permian Basin Petroleum Association and four counties in New Mexico: Chaves County, Roosevelt County, Eddy County, and Lea County.

-2-

These actions, as well as, to some extent, two actions (*State of Oklahoma* and *Hutchison*) pending in the District of District of Columbia,[4] involve challenges to the merits of the U.S. Fish and Wildlife Service's March 21, 2014, listing of the Lesser Prairie-Chicken as "threatened" under the Endangered Species Act.

On the basis of the papers filed and the hearing session held, we deny the Government's motion. The Government's motion encompasses only three actions pending in two districts, and the resolution of these actions will involve only very limited pretrial proceedings. Discovery, if any, will be minimal, as these cases will be decided on the administrative record. And motion practice will consist of motions regarding that record and summary judgment motions or petitions for review. Moreover, in *PBPA*, the time for filing motions related to the record already has passed, and summary judgment motions are due to be fully briefed within a matter of weeks. We are not convinced that centralization under Section 1407 is warranted in these circumstances.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

---

[4] In February of this year, we transferred the *State of Oklahoma* and *Hutchison* actions from the Northern District of Oklahoma to the District of District of Columbia for inclusion in MDL No. 2165, In re: Endangered Species Act Section 4 Deadline Litigation. *See* MDL No. 2165 Transfer Order (J.P.M.L. Feb. 5, 2015) (ECF No. 132). In so doing, we declined the Government's request that certain claims in those actions be separated and remanded to the transferor court. The Government argued that those claims concerned only the merits of the Lesser Prairie-Chicken listing decision. In denying separation and remand, we explained that the parties disagreed over which claims implicated only the merits of the listing decision, and concluded that the transferee judge, the Honorable Emmet G. Sullivan, was in the best position to determine if remand of those claims was warranted. Following transfer, the Government moved for a suggestion of remand, but Judge Sullivan denied the motion.

IN RE: LESSER PRAIRIE-CHICKEN
ENDANGERED SPECIES ACT LITIGATION                                MDL No. 2629

## SCHEDULE A

<u>Northern District of Oklahoma</u>

OKLAHOMA INDEPENDENT PETROLEUM ASSOCIATION, ET AL. v.
    DEPARTMENT OF THE INTERIOR, ET AL., C.A. No. 4:14-00307
DEFENDERS OF WILDLIFE, ET AL. v. JEWELL, ET AL., C.A. No. 4:14-00721

<u>Western District of Texas</u>

PERMIAN BASIN PETROLEUM ASSOCIATION, ET AL. v.
    DEPARTMENT OF THE INTERIOR, ET AL., C.A. No. 7:14-00050